UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


Taran Helms,                                    Case No. 4:15-cv-00950

    Petitioner


                                          MEMORANDUM OPINION


Warden Richard A. Bowen, Jr.,

    Respondent


## INTRODUCTION

Petitioner Taran Helms seeks a writ of habeas corpus under to 28 U.S.C. § 2254, related to convictions entered against him following a 2008 jury trial in the Mahoning County, Ohio Court of Common Pleas. (Doc. No. 1). Magistrate Judge Nancy A. Vecchiarelli reviewed Helms's petition and the arguments of counsel pursuant to Local Rule 72.2(b)(2) and recommends I deny the petition. (Doc. No. 17). Helms has filed timely objections to Magistrate Judge Vecchiarelli's Report and Recommendation. (Doc. No. 18). For the reasons stated below, I overrule Helms's objections and adopt Magistrate Judge Vecchiarelli's Report and Recommendation.

## BACKGROUND

In September 2008, a Mahoning County jury convicted Helms of one count each of attempted murder, felonious assault, aggravated robbery, and kidnapping. Each count also included a firearm specification. Helms offers no objection to Magistrate Judge Vecchiarelli's statement of the factual and lengthy procedural history of the state court proceedings, and I adopt those sections of the Report and Recommendation in full. (*See* Doc. No. 19 at 1-9).

## STANDARD

Once a magistrate judge has filed a report and recommendation, a party to the litigation may "serve and file written objections" to the magistrate judge's proposed findings and recommendations, within 14 days of being served with a copy. 28 U.S.C. § 636. Written objections "provide the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately . . . [and] to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting *United States v. Walters*, 638 F.3d 947, 949-50 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). A district court must conduct a *de novo* review only of the portions of the magistrate judge's findings and recommendations to which a party has made a specific objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits the issuance of a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d)(1).

Section 2254(d)(1)'s reference to "clearly established Federal law" refers to "the holdings, as opposed to the dicta, of this Court's decisions as of the time of the relevant state-court decision." *Carey v. Musladin*, 549 U.S. 70, 74 (2006) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

Helms asserted, as grounds for relief on his petition, that "[b]y asserting a new argument against merger on appeal that is inconsistent with arguments made against merger at trial, the

prosecution deprives a criminal defendant of his or her constitutionally guaranteed rights to due process, a fair trial, confront witnesses, and be protected from double jeopardy." (Doc. No. 10 at 4). He clarifies that he "seeks only to address [through the assertion of a federal due process claim] whether his constitutional rights were violated when the state asserted a novel theory on appeal that was inconsistent with its theory during trial." (Doc. No. 10 at 4-5).

When Helms was convicted in 2008, the determination of whether two or more criminal offenses were considered "allied offenses of similar import," subject to merger at the time of sentencing pursuant to the Double Jeopardy Clause of the Fifth Amendment, was directed by the test set forth in *State v. Rance*. In part, the Double Jeopardy Clause prohibits "the imposition of cumulative punishments for crimes that constitute the same offense," unless the legislature has clearly expressed its intention to permit cumulative punishment. *Rance*, 710 N.E.2d 699, 702 (Ohio 1999). "If . . . a defendant's actions 'can be construed to constitute two or more allied offenses of *similar import*,' the defendant may be convicted (*i.e.*, found guilty and punished) of only one." *Id.* at 703 (quoting Ohio Rev. Code § 2941.25(A) (emphasis in original)). A defendant could be found guilty and punished for more than one offense if (1) the offenses are of dissimilar import, (2) the offenses are of similar import but committed separately, or (3) the offenses are of similar import but committed with a separate animus. *Rance*, 710 N.E.2d at 703.

Offenses could be found to be allied offenses of similar import "[i]f the elements of the crimes 'correspond to such a degree that the commission of one crime will result in the commission of the other.'" *Id.* (quoting *State v. Jones*, 676 N.E.2d 80, 81 (Ohio 1997)). Under *Rance*, courts were to compare the statutory elements of two or more offenses in the abstract. If "each offense requires proof of an element that the other does not, [the offenses] are not allied offenses of similar import." *Rance*, 710 N.E.2d at 705.

3

Many Ohio appellate districts interpreted the *Rance* test narrowly, concluding this test required "a strict textual comparison" and exactly identical statutory elements. *State v. Cabrales*, 886 N.E.2d 181, 186 (Ohio 2008). The *Cabrales* court pushed back on this narrow view by calling for the use of "common sense and logic," but left the abstract nature of the *Rance* test in place. *Id.* at 187.

Against this background, the Mahoning County prosecutor's office argued, both at the trial court level and on direct appeal before the Seventh District Court of Appeals, that Helms' convictions for attempted murder and felonious assault should not merge because the statutory elements were not the same, and therefore it was irrelevant to the merger decision if Helms committed both offenses when he shot Joseph Kaluza. Between the submission of briefing and the appellate court's decision, however, the Supreme Court of Ohio issued its decision in *State v. Williams*, in which the court held that felonious assault and attempted murder were allied offenses of similar import pursuant to *Rance* and *Cabrales*. *Williams*, 922 N.E.2d 937, 942 (Ohio 2010). The Seventh District followed *Williams* and concluded "the State's theory of the case . . . that Helms committed attempted murder by shooting pointblank at Kaluza, and committed felonious assault by injuring Kaluza with that shot . . . does not support separate punishments for Helms's attempted murder and felonious assault convictions." *State v. Helms*, No. 08 MA 199, 2010 WL 3904121, at *8 (Ohio Ct. App., Sept. 29, 2010) ("*Helms I*"). The majority and the dissenting judge in *Helms I* disagreed as to whether the prosecution now could pivot to a new theory – that Helms committed felonious assault when he threatened to shoot Kaluza again, with the majority of the panel concluding this switch was not supported by the evidence and would violate Helms's due process rights. *Id.* at *10.

The prosecution filed a notice of appeal, but another change in the controlling law intervened. In December 2010, the Supreme Court of Ohio issued its opinion in *State v. Johnson*, in which it overruled *Rance* and held that offenses are allied offenses of similar import "[i]f the offenses

4

correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other . . . ." 942 N.E.2d 1061, 1070 (Ohio 2010). The court accepted the prosecution's appeal of *Helms I* but remanded the case to the court of appeals for application of *Johnson*. *State v. Helms*, 944 N.E.2d 233 (Ohio 2011).

On remand, the majority and the dissenting judge continued to disagree on the issue of whether the change in the prosecution's theory constituted a violation of Helms's due process rights, but the composition of those groups changed, with two of three judges now determining that Helms's conduct, as established by the trial record, supported the conclusion that Helms's attempted murder and felonious assault offenses were not allied offenses. *State v. Helms*, No. 08 MA 199, 2012 WL 966810, at *7-8 (Ohio Ct. App., March 20, 2012) ("*Helms II*").

Helms sought reconsideration pursuant to Ohio Appellate Rule 26(A). *State v. Helms*, No. 08 MA 199, 2013 WL 6670810 (Ohio Ct. App., December 13, 2013) ("*Helms III*"). The Seventh District denied the application for reconsideration but found itself tied up in another procedural question. Under Ohio law, appellate courts are to conduct a *de novo* review of a trial court's merger determination pursuant to Ohio Revised Code § 2941.25. *State v. Williams*, 983 N.E.2d 1245, 1248 (Ohio 2013). Ohio also recognizes the doctrine of judicial estoppel, however, which prohibits a party from raising an argument if "the argument in question [is] . . . inconsistent with one successfully and unequivocally asserted by the same party earlier." *State v. Washington*, 999 N.E.2d 661, 668 (Ohio 2013) (quotations and citation omitted). While the *Washington* court acknowledged the *de novo* review standard reinforced by *Williams*, it did not discuss the issue of how to reconcile the incongruity between a sanction such as judicial estoppel and the principle of *de novo* review. *See Washington*, 999 N.E.2d at 668. The *Helms III* court did not expressly resolve the conflict between

5

these two principles, though the majority implicitly concluded that evidence in the record should not be disregarded as a result of a party's argument about the evidence.[1]

At bottom, however, Helms cannot establish he is entitled to a writ of habeas corpus because he does not identify the "clearly established Federal law" underlying the specific question he presents. It is not enough that there may be a "general principle that inconsistent prosecutorial theories violate due process," (Doc. No. 10 at 10), particularly where that principle is identified most clearly in cases decided by the federal courts of appeal. (Doc. No. 10 at 10-11 (citing *Strumpf v. Houk*, 653 F.3d 426, 437 (6th Cir. 2011), *rev'd en banc sub nom, Strumpf v. Robinson*, 722 F.3d 739 (6th Cir. 2013); *Thompson v. Calderon*, 120 F.3d 1045, 1058-59 (9th Cir. 1997), *vacated on other grounds*, 523 U.S. 538 (1998); *Smith v. Groose*, 205 F.3d 1045, 1047 (8th Cir. 2000); and, *United States v. Fulks*, 683 F.3d 512, 524 (4th Cir. 2012)). The Supreme Court has expressly rejected "the mistaken belief that circuit precedent may be used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that this Court has not announced." *Marshall v. Rodgers*, 569 U.S. 58, 64 (2013) (citing *Parker v. Matthews*, 567 U.S. 37, 48-49 (2012)).

Moreover, Helms's reliance on the due-process principles contained in *Crane v. Kentucky*, 476 U.S. 683, 690 (1986), and *Medina v. California*, 505 U.S. 437, 443 (1992), is insufficient to clear the bar set by the AEDPA. In *Lopez v. Smith*, the Supreme Court considered a case in which the Ninth Circuit identified, as the purportedly clearly-established rule of law supporting its grant of the petitioner's request for habeas relief, "the general proposition that a defendant must have adequate notice of the charges against him." 135 S.Ct. 1, 4 (2014). The Court reversed, stating "[t]his proposition is far too abstract to establish clearly the specific rule [petitioner] needs." *Id.*. Further,

---

[1] It is not altogether clear whether the prosecution's initial theory of the case actually was successful – the trial court, in handing down Helms's sentence following trial, appeared to indicate that Helms committed felonious assault when he shot Kaluza and committed attempted murder when he moved Kaluza from the main road to a side street and turned away an offer of help from a passer-by. (Doc. No. 5-1 at 15; Sentencing Judgment Entry).

6

the Court noted that it previously had "cautioned the lower courts . . . against 'framing our precedents at such a high level of generality.'" *Id.* (quoting *Nevada v. Jackson*, 569 U.S. 505, 512 (2013)).  I conclude Helms has not identified a principle of clearly established federal law and therefore is not entitled to a writ of habeas corpus.

Helms also sought a certificate of appealability, in the event I overruled his objections and adopted the Report and Recommendation.  A court may grant a habeas petitioner's request for a certificate of appealability "only if the petitioner has made a substantial showing of the denial of a federal constitutional right." 28 U.S.C. § 2253 (c)(2).  "That standard is met when the movant demonstrates 'that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Kotsonis v. United States*, No. 17-5099, 2017 WL 7310633 (6th Cir., September 12, 2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)).  I conclude it is appropriate to issue a certificate of appealability, as the question of whether the prosecution's post-conviction embrace of a theory that is inconsistent with the theory pursued during trial and through sentencing violates a defendant's due process rights remains a point of conflict in the federal appellate courts that is worthy of further discussion and development.

## Conclusion

For the reasons stated above, I overrule Helms's objections to Magistrate Judge Vecchiarelli's Report and Recommendation.  (Doc. No. 18).  Helms's petition for a writ of habeas corpus, (Doc. No. 1), is denied.  Helms's request for a certificate of appealability is granted.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge